IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2004

## CALVIN LEE SNEED v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rhea County**
**No. 13385     J. Curtis Smith, Judge**

_____

**No. E2004-00051-CCA-R3-PC - Filed November 17, 2004**

_____

The Defendant, Calvin Lee Sneed, was convicted upon a jury verdict of first degree premeditated murder and sentenced to life imprisonment. The Defendant's conviction and sentence were affirmed on direct appeal. See State v. Calvin Lee Sneed, No. 03C01-9611-CR-00444, 1998 WL 309137 (Tenn. Crim. App., Knoxville, June 12, 1998). The Defendant subsequently filed a petition for post-conviction relief, alleging that he had received ineffective assistance of counsel at trial. After a hearing, the trial court denied relief. The Defendant now appeals. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M.TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Edward L. Boring, Pikeville, Tennessee, for the appellant, Calvin Lee Sneed.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; and J. Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant shot and killed his wife during the last of their many arguments. The victim was driving away from the Defendant's residence when he, by his own words, "opened up on her" with his pistol. The Defendant fired numerous shots at the victim's car as she drove away and one of the shots hit the victim in the back of her head, killing her. The Defendant testified at trial that he had been under the influence of alcohol and Valium when he shot his wife. The Defendant also introduced proof that he suffered from a mental disorder known as acute and chronic anxiety. Although the trial court instructed the jury that it must consider this proof in determining whether the Defendant had the ability to form the culpable mental state required for a conviction of first

degree premeditated murder,[1] the jury rejected the Defendant's claim of "diminished capacity" and found him guilty as charged.

The Defendant now argues that his trial attorney was ineffective in his representation of the Defendant at trial. Specifically, the Defendant claims that his lawyer failed to move the trial court for a speedy trial; failed to move for a change of venue; failed to prepare adequately for trial; failed to negotiate with the prosecutor toward a plea bargain; failed to explain peremptory challenges; failed to present fully evidence of the Defendant's mental condition; failed to prepare the Defendant to testify and then called the Defendant to testify against his will; and was "long winded." The Defendant testified at the post-conviction hearing, as did his trial attorney. Dr. Edgar Akin also testified. Dr. Akin explained that he was a physician "certified by the Chancellor of the University of Tennessee as competent in surgery." Dr. Akin had treated the Defendant occasionally since the early '80s. Dr. Akin stated that the Defendant "became mental [sic] unstable at one time," and opined that he believed the Defendant "is a bipolar individual and mental [sic] unstable." Dr. Akin described a bipolar individual as, among other things, "they shoot from the hip. They make the same mistakes over and over. They're not teachable as far as saying stop drinking or save your money, or don't get married any more. . . . They don't learn well. They will hallucinate under stress and they will react if they feel threatened or penned up, they'll react violently if the situation is real. . . . They're sad people." Dr. Akin further opined that he thought the Defendant was "approaching schizoid." Although Dr. Akin was available to testify at trial, Mr. Condra made the decision not to call him to the witness stand.

The court denied the Defendant's claim for post-conviction relief, finding: (1) The trial attorney's reasons for not filing "speedy trial" and change of venue motions were tactical, and the Defendant failed to demonstrate that he was prejudiced by these tactics; (2)The trial attorney "investigated the case, and was well versed in all aspects of the case"; (3) the prosecutor refused to offer a reduced plea in this case and was under no obligation to do so; (4) the Defendant showed no prejudice arising from the jury selection process; (5) "[m]uch evidence of [the Defendant's] mental condition was presented at trial," and the Defendant did not demonstrate that any additional proof would have affected the outcome; (6) The trial attorney credibly testified that he did prepare the Defendant to take the stand, advised the Defendant not to do so, but the Defendant decided to ignore the attorney's advice; and (7) the Defendant failed to demonstrate that the attorney's speaking style prejudiced him. The Defendant now complains that the trial court erred in so ruling. We disagree.

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the

---

[1]At the time of the offense, first degree murder was defined as an intentional, premeditated and deliberate killing. See Tenn. Code Ann. § 39-13-202(a)(1) (Supp. 1994).

range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. See id. "However, a trial court's conclusions of law-- such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id.

We have reviewed the testimony presented at the post-conviction hearing and agree with the trial court in all respects. The evidence does not preponderate against the factual findings of the trial court. The Defendant's testimony did not establish any deficient performance on his lawyer's part, and Dr. Akin's testimony failed to establish any probability that, had he been called at trial, the jury's verdict might have been different. The Defendant thus failed to establish by clear and convincing evidence that his lawyer's performance was deficient, or that he suffered any prejudice as a result of his lawyer's performance. We conclude that the trial court did not err by denying the Defendant post-conviction relief on the grounds of ineffective assistance of counsel.

The Defendant also claimed in his petition for post-conviction relief that the prosecutor engaged in improper closing argument. This is an issue which could have been raised on direct

appeal and is therefore waived for the purposes of this proceeding.  <u>See</u> Tenn. Code Ann. § 40-30-106(g).

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE